IN RE: INQUIRY CONCERNING A JUDGE, NO. 184 JAMES F. AMMONS, JR., Respondent

No. 63A96

(Filed 31 July 1996)

**Judges, Justices, and Magistrates § 36 (NCI4th)— censure of district court judge**

A district court judge is censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute based on his actions in a worthless check case in which the prosecuting witness was a personal friend of his and his issuance of an *ex parte* arrest order in a custody dispute.

**Am Jur 2d, Judges § 21.**

**IN RE AMMONS**

[344 N.C. 195 (1996)]

**Power of court to remove or suspend judge. 53 ALR3d 882.**

**Disciplinary action against judge for engaging in ex parte communication with attorney, party, or witness. 82 ALR4th 567.**

**Removal or discipline of state judge for neglect of, or failure to perform, judicial duties. 87 ALR4th 727.**

This matter is before the Court upon a recommendation by the Judicial Standards Commission (Commission), filed with the Court 13 February 1996, that James F. Ammons, Jr., a Judge of the General Court of Justice, District Court Division, Twelfth Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of Canons 2A, 2B, and 3A(1) of the North Carolina Code of Judicial Conduct.

*William N. Farrell, Jr., Senior Deputy Attorney General, Special Counsel for the Judicial Standards Commission.*

*Maxwell, Freeman & Bowman, P.A., by James B. Maxwell, for respondent.*

ORDER OF CENSURE.

The findings upon which the Commission based its recommendation that respondent be censured included the following:

1. When a worthless check case in which the prosecuting witness was a personal friend of respondent was called and failed on account of the prosecuting witness's absence, respondent had the assistant district attorney summons the witness to court rather than following normal procedure which would have been to continue the case; allowed the defendant's counsel to withdraw but refused to continue the case to enable the defendant to obtain counsel; and tried the defendant without counsel on the defendant's not guilty plea, cross-examined the defendant, and found the defendant guilty.

Subsequently, when the charge against the defendant was dismissed on appeal in Superior Court, Cumberland County, respondent discussed the matter with the prosecuting witness; voiced to the assistant district attorney respondent's displeasure over the dismissal of the charge; expressed his opinion that the charge was valid; and

**IN RE AMMONS**

[344 N.C. 195 (1996)]

stated his desire for the charge to be reinstated. The charge was in fact reinstated but was again dismissed by the district attorney three months later.

2. In a child custody matter respondent issued an *ex parte* order for the sheriff to assist the custodial parent in obtaining the children from the noncustodial parent. The noncustodial parent not having been cooperative, the next day respondent issued an additional *ex parte* order directing the sheriff to arrest the noncustodial parent if the noncustodial parent did not cooperate. This arrest order was issued without assuring that the noncustodial parent had received the notice and opportunity to be heard required by N.C.G.S. § 5A-23 and was issued six days prior to initiation of civil contempt proceedings against the noncustodial parent. As a result of the *ex parte* order, the noncustodial parent was arrested and incarcerated for thirteen hours until the $5,000 cash bond required for release could be posted.

By Notice filed with this Court on 1 March 1996, respondent accepted the Recommendation of the Judicial Standards Commission and waived his right to petition this Court or be heard on oral argument.

Based on our review of the record and respondent's acceptance of the Commission's recommendation, this Court concludes that respondent's conduct constitutes conduct prejudicial to the administration of justice that brings the judicial office into disrepute within the meaning of N.C.G.S. § 7A-376. The Court approves the recommendation of the Commission that respondent be censured.

Now, therefore, pursuant to N.C.G.S. §§ 7A-376, 377, and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that James F. Ammons, Jr. be, and hereby is, censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

So ordered by the Court in conference this 30th day of July 1996.

ORR, J.
For the Court